# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH WHEELER, | Case No.: 18-CV-360-AJB(WVG) |
| --- | --- |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: MOTION TO DISMISS** |
| v. | |
| K. MARENGO *et al.*, | |
| Defendants. | |

Plaintiff Kenneth Wheeler, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights action seeking relief under the Civil Rights Act, 42 U.S.C. § 1983. Defendants Marengo, Lay, and Dominguez have filed a motion to dismiss. (ECF No. 11-1.)[1] Plaintiff has filed an opposition to the motion to dismiss. (ECF No. 13.) A reply to the opposition has not been filed. For the reasons that follow, the Court RECOMMENDS that Defendants' motion be GRANTED in part, DENIED in part, the Complaint be dismissed, and Plaintiff be granted leave to amend.

///

///

---

[1] All citations to documents filed on the Court's CM/ECF system are to the system's electronically-generated pagination.

## I. BACKGROUND

### A. Procedural Background

On February 15, 2018, Plaintiff filed the initial complaint alleging Defendants violated his Eighth Amendment rights. On June 22, 2018 Defendants filed a motion to dismiss. On July 31, 2018, Plaintiff filed an opposition to the motion.

### B. Factual Allegations[2]

In 2016, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*See* ECF No. 1 at 1.) Plaintiff claims that on October 24, 2016, he suffered a serious injury to his knee, was transported by ambulance to RJD's medical facilities, and his leg was placed in a cast. When he returned to his housing unit, Plaintiff alleges that Defendant Marengo told him a lower bunk bed would be provided, but Defendant Marengo's shift ended without the lower bunk accommodation. Additionally, Plaintiff contends Defendant Marengo failed to inform subsequent officers of the lower bunk request.

Defendant Lay then began his third watch shift. Plaintiff alleges that after Defendant Lay asked why Plaintiff was lying on the floor of his cell, Plaintiff told him he could not mount the top bunk and asked for a bottom bunk. However, Lay told Plaintiff a lower bunk could not be provided without a Comprehensive Accommodation Chrono ("Chrono").[3] After lying on the floor in "extreme pain" for a few hours, Plaintiff used his crutches to leave his cell and again asked Defendant Lay for a lower bunk. Lay, however, "refused to

---

[2] Unless otherwise noted, all facts in this section are from page 3 of the Complaint.

[3] Although the Complaint mentions nothing about Plaintiff being prescribed a lower bunk bed assignment, RJD medical officials apparently issued him a temporary Chrono on October 24, 2016 that prescribed a "Bottom Bunk" until April 22, 2017. (Plaintiff's Oppo., ECF No. 13 at 2.) The Complaint also does not mention whether Plaintiff actually told any of the Defendants about the Chrono he was issued. As explained below, Plaintiff's First Amended Complaint should include the Chrono as an exhibit and should also specify if Plaintiff did or did not tell *each* Defendant about the Chrono.

give [a] lower bunk, refused to call [m]edical, refused to call [illegible] staff and ordered Plaintiff to return to [his c]ell and [the] [t]op [b]unk [a]ssignement."

Several hours later, Defendant Dominguez began his first watch shift and asked Plaintiff why he was lying on the floor of his cell. Plaintiff told Dominguez the same thing he had told Lay—he was in pain and could not get to the top bunk. Dominguez responded that "nothing could be done until [the] next day" and "allowed Plaintiff to remain on [the] dirty floor in pain all night."[4]

Based on these facts, he alleges Defendants "disregarded Plaintiff's medical condition and pain and allowed him to remain on [the] floor and/or expected him to get on [the] [t]op [b]unk with risk to his safety." Plaintiff thus attempts to allege violations of the Eighth Amendment based on Defendants' deliberate indifference to his serious medical needs and his right to be free from cruel and unusual punishment (based on the conditions of his confinement).

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise a motion that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual

---

[4] Although the Complaint does not specifically mention whether Plaintiff ever received a bottom bunk assignment or how long it took for him to receive one, Defendants indicate that he received a bottom bunk within 24 hours of the Chrono issuance. (Mot. To Dismiss, ECF No. 11-1 at 4.) However, the Complaint seems to suggest that Plaintiff spent two overnight periods lying on the floor of his cell due to the lack of a lower bunk accommodation. This point is unclear, and Plaintiff should clarify in his First Amended Complaint to state exactly when he actually received a lower bunk and for how long he was without a lower bunk.

3

18-CV-360-AJB(WVG)

allegations,' . . . it [does] demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due." *Twombly*, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow . . . the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**B.     Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

Where, as here, the plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal

4

18-CV-360-AJB(WVG)

construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Moreover, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## III. DISCUSSION

Although the Complaint does not clearly state that Plaintiff's Eighth Amendment claim is based on two separate theories, the gravamen of his allegations challenge Defendants' deliberate indifference to his medical needs and also the conditions of his confinement. Thus, the Complaint actually attempts to state two different Eighth Amendment claims. However, each claim is deficient for the reasons explained below. But because it appears amendment would not be futile, it is recommended that leave to amend be granted.

**A.     Deliberate Indifference to Plaintiff's Medical Needs**

   **1.     Legal Background**

Under the Eighth Amendment, "[t]he government has an obligation to provide medical care for those whom it punishes by incarceration," *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988), and cannot be deliberately indifferent to the medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "Such indifference may be manifested in two ways. *It may appear when prison officials deny, delay or intentionally interfere with medical treatment*, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson*, 838 F.2d at 394 (emphasis added); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. In this Circuit, it has long been the law that "allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999); *see also Webb v. Douglas Cty.*, 224 F. Appx. 647, 649 (9th Cir. 2007) ("The law in this circuit is clearly established that 'a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon.'") (quoting *Wakefield*). However, "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 105).

In addition to the above requirements, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060. Although "[a] prisoner need not show his harm was substantial[,] such would [provide] additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citation omitted). However, if the harm is an "isolated exception" to the defendant's "overall treatment of the prisoner[, it] ordinarily militates against a finding of deliberate indifference." *McGuckin*, 974 F.2d at 1060 (citations omitted).

### 2. Discussion

Here, reading the pleadings liberally, it appears Plaintiff is attempting to allege that Defendants interfered with his medical treatment—*i.e.*, receiving a bottom bunk accommodation as ordered by medical staff. However, although Plaintiff's opposition papers reference a medical Chrono that ordered the accommodation, the Complaint makes no mention of the Chrono or whether any of the defendants in this case knew about the

Chrono or its lower bunk assignment mandate. Additionally, Plaintiff fails to allege whether he suffered any additional harm. His current conclusory allegations of "unnecessary/wanton infliction of pain" are vague and do not allege specific injuries he sustained as a result of Defendants' alleged conduct. For these reasons, the Complaint lacks sufficient detail and fails to state a claim for a deliberate indifference Eighth Amendment violation.

### a. Prong One: Serious Medical Need

Under the first (objective) prong of the deliberate indifference test, Plaintiff must properly allege "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096.

Plaintiff fails to allege any damages or additional injury caused by Defendants alleged denying him a lower bunk. Although Plaintiff repeatedly references being in pain, he fails to identify how his discomfort was related to not having a lower bunk. (ECF No. 1 at 3, 13.) The pain he references may have been a result of the original condition which resulted in his leg being placed into a cast. Simply asserting Defendants caused Plaintiff "unnecessary/wanton infliction of pain," without more, is vague and insufficient to meet the objective requirement for an Eighth Amendment violation.

### b. Prong Two: Awareness of Serious Medical Need

To satisfy the second (subjective) prong, Plaintiff must properly allege that Defendants' response to his needs was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012). Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." *Id.* at 1019. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and the official must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the Ninth Circuit, "allegations that a prison official has ignored the

instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999).

In *Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012), the plaintiff alleged he verbally informed defendants of his lower bunk medical Chrono and showed the Chrono to the defendants. The *Akhtar* plaintiff's actions provided notice, making the defendants aware of the plaintiff's serious medical need. 698 F.3d at 1213-14. The *Akhtar* defendants subsequently ignored the medical need they knew about, establishing the plaintiff's claim for deliberate indifference. *Id*.

Here, Plaintiff fails to specify in his Complaint whether the Defendants were aware of the lower bunk requirement, and if aware, how each Defendant was provided notice. Failure to address Defendant's awareness of the alleged medical need, or how Defendants became aware of the need, fails to satisfy the subjective prong of the deliberate indifference requirement for an Eighth Amendment violation.

### 3. Leave to Amend Should Be Granted

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, there has been no undue delay, bad faith, or dilatory motive. It does not appear there would be any undue prejudice to Defendants. There have been no repeated failures to cure deficiencies by previous amendments; this would be Plaintiff's first attempt to amend the claims. Thus, the only basis for denying leave to amend would be the futility of amendment. However, because leave to amend would not be futile as detailed in the section immediately below, Plaintiff could cure the defects identified herein.

Plaintiff should be granted at least the opportunity to add additional curative facts *if* they exist. Given that all the other factors weigh in favor of amendment and it is not clear

8

18-CV-360-AJB(WVG)

that amendment would be futile, the Court RECOMMENDS Plaintiff be granted leave to file an amended complaint.

### 4. Conclusion

Plaintiff's Eighth Amendment claim alleging deliberate indifference to his medical needs fails to satisfy either prong of the two-part test. First, Plaintiff does not identify any additional harm caused by failure to meet an alleged medical need. Second, Plaintiff fails to allege that Defendants were aware of the serious medical need and were deliberately indifferent to it. Based on the foregoing, the Court should find that Plaintiff has failed to state an Eighth Amendment claim based on deliberate indifference.

So that Plaintiff has clear notice of the specific defects in the Complaint, the Court provides the following guidelines for his First Amended Complaint:

- If Plaintiff claims he suffered further injury from the delay in receiving a bottom bunk (as opposed to pain he experienced from his original injury), his First Amended Complaint should include specific physical, mental, or emotional injuries that he suffered *as a result of* the delay.
- If Plaintiff claims that any of the Defendants knew about the Chrono, his First Amended Complaint should specify how *each individual* Defendant knew about the Chrono. For example, if Plaintiff told any Defendant about the Chrono or showed any Defendant the Chrono, his First Amended Complaint should specify who, when, how, and where he told or showed the Chrono. If Plaintiff did not tell anyone about the Chrono or did not show any of the Defendants the Chrono, the First Amended Complaint should make clear which Defendant was *not* shown or told about the Chrono. If Plaintiff believes any Defendant knew about the Chrono or the lower bunk assignment in any other way, he should allege how each Defendant knew.

### B. Conditions of Confinement Claim

The second discernable basis for Plaintiff's Eighth Amendment claim is Defendants' allegedly subjecting him to inhumane conditions of confinement based on him being "forced" to sleep on the floor of his cell for what appears to be two nights. Plaintiff has

also failed to properly state a claim under this theory because his allegations do not show that his conditions of confinement were objectively sufficiently serious.[5] He has not alleged the length of time he was not given a lower bunk. He also has not alleged any other conditions besides the lack of a lower bunk that rendered the conditions of his confinement inhumane.

### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To determine whether a particular deprivation violates the Eighth Amendment, the Court must examine the "circumstances, nature, and duration of [the] deprivation." *Id*. Such a determination is highly fact-specific. *Lamb v. Howe*, 677 Fed. Appx. 204, 209 (6th Cir. 2017); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test. *Johnson*, 217 F.3d at 731.

With respect to the objective prong of the analysis, Plaintiff must make an objective showing establishing the deprivation was "sufficiently serious." *Id*. "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotations and citation omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

When considering the seriousness of the alleged deficient conditions of confinement, courts should also consider the amount of time to which the prisoner was subjected to the

---

[5] Because this claim fails to satisfy the objective prong, the Court need not address the subjective prong requiring Plaintiff to "establish prison officials' 'deliberate indifference' to the unconstitutional conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

condition. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982). "The more basic the particular need, the shorter the time it can be withheld." *Hoptowit*, 682 F.2d at 1259; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

The Ninth Circuit has held claims for sleeping without a mattress for a single night "insufficient to state an Eighth Amendment violation and no amendment can alter that insufficiency." *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (vacated on other grounds by *Denton v. Hernandez*, 493 U.S. 801 (1989)). Additionally, California district courts have held sleeping on a floor without a mattress for seven days did not allege a sufficiently serious deprivation to support an Eighth Amendment violation. *Centeno v. Wilson*, No. 08-CV-1435-FJM, 2011 U.S. Dist. LEXIS 21796, at *6-7, 2011 WL 836747, at *3 (E.D. Cal. Mar. 4, 2011) (finding claims insufficient when inmate was "forced to sleep on a cold floor without a mattress or blanket for 7 days and was unable to shower"); *see also Ray v. Schoo*, No. ED CV 10-0942-VAP (PJW), 2011 U.S. Dist. LEXIS 88272, at *6, 2011 WL 3476603, at *2 (C.D. Cal. Aug. 2, 2011) (dismissing a prisoner claim alleging he was forced to sleep without a bed for one or two nights, as it was "not so extreme as to amount to cruel and unusual punishment.")

### 2. Discussion

Here, Plaintiff's allegations fail to make an objective showing that the conditions of his confinement were sufficiently serious to form the basis of an Eighth Amendment conditions-of-confinement claim for two reasons. First, although the Court can infer that Plaintiff was without a bottom bunk for two nights, the Complaint does not specify how long he was actually without a suitable lower bunk bed.[6] Without specific allegations of

---

[6] Plaintiff also does not dispute Defendants' representation that a lower bunk was provided within 24 hours of Chrono issuance.

11

18-CV-360-AJB(WVG)

the duration of the deprivation, the Court is unable to properly analyze this claim. Second, there are no allegations of other allegedly inhumane conditions in addition to the deprivation of a bed possibly for two nights. Without additional allegations of inhumane conditions, Plaintiff's lack of a suitable bed for two nights fails to rise to the level of "sufficiently serious" deprivation required to form the basis of an Eighth Amendment violation. *See Centeno*, 2011 U.S. Dist. LEXIS 21796, at *6; 2011 WL 836747, at *3 (citing *Schroeder v. Kaplan*, 60 F.3d 834 (9th Cir. 1995) (citing cases where failure to provide a mattress violated the Eighth Amendment only when accompanied by other factors, such as inadequate clothing, extreme cold, improper diet, denied right to use toilet, had to lie in own excrement)).

Based on the foregoing, the Court should find that Plaintiff has failed to state an Eighth Amendment claim based on the conditions of his confinement. However, for the reasons stated above, the Court should also grant Plaintiff leave to amend this claim. When amending this claim, Plaintiff should specifically allege:

- Any and all other conditions that existed in addition to the lack of a bed/mattress that he believes rendered the conditions of his confinement inhumane; and
- To his best approximation, the exact amount of time he was not provided a bottom bunk or mattress and slept on the floor as a result.

## C. Defendants' Entitlement to Qualified Immunity

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001), overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). First, the Court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" *Id.*; *see also Scott v. Harris*, 550 U.S. 372, 377 (2007). Second, the Court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201; *Scott*, 550 U.S. at 377.

12

18-CV-360-AJB(WVG)

Here, because the Court recommends granting Plaintiff leave to amend and has provided Plaintiff the required notice of specific defects, it would be premature at this early stage to recommend granting or denying Defendants' qualified immunity defenses on the merits. Accordingly, this Court recommends that this portion of the motion to dismiss be denied without prejudice subject to full consideration at a later date on a more developed record—at least until Plaintiff's claims are more concretely stated. *Accord Victoria v. City of San Diego*, No. 17CV1837-AJB(NLS), 2018 U.S. Dist. LEXIS 151361, at *31; 2018 WL 4221473, at *10-11 (S.D. Cal. Sep. 5, 2018) (finding insufficient basis at pleadings stage to rule on qualified immunity claims); *Canales v. City of Calexico*, No. 17CV695-AJB(JLB), 2017 U.S. Dist. LEXIS 202644, at *7-9; 2017 WL 6270463, at *3-4 (S.D. Cal. Dec. 8, 2017) (same); *George v. Uribe*, No. 11-CV-70-JLS(RBB), 2012 U.S. Dist. LEXIS 40224, at *20-21; 2012 WL 993243, at *7 (S.D. Cal. Mar. 23, 2012) (finding the qualified immunity defense premature until, and if, the plaintiff could amend his complaint to successfully state a claim); *see also Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting qualified immunity may be better left for summary judgment because the notice pleading standard may force courts to decide "far-reaching constitutional questions on a nonexistent factual record").

## IV. CONCLUSION

Based on the foregoing, this Court respectfully RECOMMENDS that Defendants' motion to dismiss be GRANTED in part, the Complaint DISMISSED, and leave to amend be GRANTED. The Court further RECOMMENDS that the motion be DENIED in part without prejudice with respect to Defendants' qualified immunity defenses.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **December 5, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **December 17, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: November 5, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge