FILED
MAR 22 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Kenneth Wheeler, | Case No.: 18-cv-0360-AJB-WVG |
|---|---|
| Plaintiff, | |
| v. | **ORDER:** |
| K. Marengo, et al., | **(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 15);** |
| Defendants. | **(2) GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION TO DISMISS (Doc. No. 11); and** |
| | **(3) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND (Doc. No. 1).** |

Before the Court is Magistrate Judge Gallo's report and recommendation ("R&R") on Defendants' motion to dismiss Plaintiff's complaint. The R&R recommends the Court grant the dismissal motion and dismiss Plaintiff's complaint. (Doc. No. 29.) For the reasons stated herein, the Court **ADOPTS** the R&R's holdings, **GRANTS IN PART AND DENIES IN PART** Defendants' dismissal motion, and **DISMISSES** Plaintiff's complaint **WITH LEAVE TO AMEND.**

### I.  LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and

1

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

## II. BACKGROUND

Plaintiff brings this lawsuit complaining of an Eighth Amendment violation stemming from the guards alleged failure to accommodate an injury he sustained. After injuring his knee and having a cast put on, Plaintiff alleges he returned to his housing unit and was told a lower bunk bed would be provided, since he was currently assigned to a top bunk. The guard on duty, however, never assigned him one, and allegedly failed to inform the next guard of the situation. As Plaintiff laid on the floor in pain, several guards failed to assign him a lower bunk—even after he requested one several times, to several guards. Plaintiff was told he could not receive a lower bunk assignment until the next day. Missing from his complaint, but raised in the dismissal motion papers and his objection are facts alluding to whether he was assigned a Comprehensive Accomodation Chrono for a lower bunk and whether the guards had knowledge of any Chrono.

## III. DISCUSSION

Defendants moved to dismiss on two grounds: (1) Plaintiff failed to state an Eighth Amendment claim, and (2) Defendants are entitled to qualified immunity. (Doc. No. 11-1 at 3–5.) The R&R recommends granting Defendants' dismissal motion, but giving Plaintiff leave to amend. The R&R does an exceptional job delineating the deficiencies of Plaintiff's complaint and what Plaintiff needs to fix should the Court grant him leave to amend. (Doc. No. 15.) For example, the R&R states that Plaintiff failed to plead any pain or injury Plaintiff suffered a result of the delay in receiving a bottom bunk. (Doc. No. 15 at 9.) The R&R also directs Plaintiff to allege whether each Defendant knew about the Chrono. (*Id.*)

In Plaintiff's objection to the R&R, he takes issue with the R&R's description of his

pain from sleeping on the floor and claims that he indeed had a medical Chrono. (Doc. No. 16 at 2–3.) However, these objections fall in line with the R&R's overall theme that Plaintiff should be granted leave to amend to address these inconsistencies.

## IV. CONCLUSION

Thus, the Court finds that Plaintiff's objections are reasonable with respect to the R&R's overall conclusion. As such, the Court **ADOPTS** the R&R, (Doc. No. 15), **GRANTS IN PART AND DENIES IN PART** Defendants' dismissal motion, (Doc. No. 11), and **DISMISSES** Plaintiff's complaint **WITH LEAVE TO AMEND**, (Doc. No. 1). The Court **DENIES** the motion without prejudice with respect to Defendants' qualified immunity defense. Plaintiff must file the first amended complaint by **May 4, 2019**, and is encouraged to incorporate the suggestions delineated in the R&R.

**IT IS SO ORDERED.**

Dated: 3/22/19

By: /s/ Anthony J. Sammartino
Anthony J. Battaglia
U.S. District Judge