UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH WHEELER, | Case No.: 18-CV-360-AJB(WVG) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION RE: MOTION TO DISMISS** |
| v. | |
| K. MARENGO *et al.*, | |
| Defendants. | |

Plaintiff Kenneth Wheeler, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended complaint under the Civil Rights Act, 42 U.S.C. § 1983. (ECF No. 20.)[1] Defendants Marengo, Lay, and Dominguez have filed a motion to dismiss the amended complaint. (ECF No. 21.) For the reasons that follow, the Court RECOMMENDS that Defendants' motion be GRANTED and the Complaint be DISMISSED with prejudice.

/ / /

/ / /

---

[1] All citations to documents filed on the Court's CM/ECF system are to the system's electronically-generated pagination.

# I. BACKGROUND

## A. Procedural Background

On April 29, 2019, Plaintiff filed an amended complaint alleging Defendants violated his Eighth Amendment rights. On May 24, 2019, Defendants filed a motion to dismiss. On June 10, 2019, Plaintiff filed an opposition to the motion. A reply to the opposition has not been filed.

## B. Factual Allegations[2]

In 2016, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*See* ECF No. 1 at 1.) Plaintiff claims that on October 24, 2016, he suffered a serious injury to his knee, was transported by ambulance to RJD's medical facilities, and his leg was placed in a cast. While at the medical facility, Plaintiff received a Comprehensive Accommodation Chrono (Chrono) requesting a lower-level bunk bed. (ECF No. 20 at 9.) When he returned to his housing unit with crutches and "in horrific pain," Plaintiff alleges that he informed Defendant Marengo of the Chrono. Defendant Marengo told Plaintiff a lower bunk bed would be provided, but Defendant Marengo's shift ended without Plaintiff receiving the lower bunk accommodation. Additionally, Plaintiff contends Defendant Marengo failed to inform subsequent officers of the lower bunk request.

Defendant Dominguez then began the shift following Defendant Marengo's shift. Plaintiff alleges that when Defendant Dominguez asked why Plaintiff was lying on the floor of his cell, Plaintiff told him he could not mount the top bunk, he asked for a bottom bunk, and he informed Defendant Dominguez of his lower bunk Chrono. However, Dominguez told Plaintiff nothing could be done until the next day. Plaintiff alleges he laid back on the floor because he could not climb to the top bunk and the bottom bunk was occupied by another inmate.

---

[2] Unless otherwise noted, all facts in this section are from page 3 of the First Amended Complaint. (ECF No. 20.)

The next day, Defendant Lay began the shift following Defendant Dominguez's shift. Plaintiff alleges he explained to Defendant Lay that he had a lower bunk Chrono which could also be found in the computer system. Plaintiff alleges that Defendant Lay refused to give Plaintiff a lower bunk, refused to call command staff or medical staff, and ordered Plaintiff to return to the top bunk. Plaintiff alleges that he was without a lower bunk from 4:00 p.m. on October 24, 2016 until 9:00 p.m. on October 25, 2016—or for approximately twenty-nine hours.

Based on these facts, Plaintiff alleges Defendants "disregarded [his] injury and medical condition[,] forcing [him] to remain on the floor and/or expecting [him] to get on the top bunk, disregarding the risk to [his] safety." He also alleges Defendants ignored the instructions of his treating physician. Plaintiff thus attempts to allege violations of the Eighth Amendment based on Defendants' deliberate indifference to his serious medical needs.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise a motion that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow . . . the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**B.     Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

Where, as here, the plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Moreover, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). However, "courts should not have to serve as advocates for pro se litigants. A statement of deficiencies need not provide

great detail or require district courts to act as legal advisors to pro se plaintiffs. Rather, when dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the deficiencies." *Noll*, 809 F.2d at 1448-49.

## III. DISCUSSION

Plaintiff asserts in his First Amended Complaint and opposition papers that his Eighth Amendment rights have been violated based on deliberate indifference to his medical needs, resulting in cruel and unusual punishment. He asserts in his opposition to Defendant's Motion to Dismiss that he is not bringing his claim based on conditions of confinement. After the dismissal of his original Complaint, Plaintiff was given the opportunity to amend and cure deficiencies of fact in his complaint with recommendations and guidelines from the court. Reading the pleadings liberally, Plaintiff's claim in his First Amended Complaint is still deficient for the reasons explained below. Because he had notice of the deficiencies in his complaint and did not allege enough facts to cure them, it is recommended that Plaintiff's First Amended Complaint be dismissed with prejudice.

### A. Deliberate Indifference to Plaintiff's Medical Needs

#### 1. Legal Background

Under the Eighth Amendment, "[t]he government has an obligation to provide medical care for those whom it punishes by incarceration," *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988), and cannot be deliberately indifferent to the medical needs of prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When an inmate alleges that prison officials failed to attend to serious medical needs, he or she must show that the lack of response exhibits "deliberate indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "Such indifference may be manifested . . . when prison officials deny, delay or intentionally interfere with medical treatment." *Hutchinson*, 838 F.2d at 394; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and

5

(2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. In this Circuit, it has long been the law that "allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999); *see also Webb v. Douglas Cty.*, 224 F. Appx. 647, 649 (9th Cir. 2007) ("The law in this circuit is clearly established that 'a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon.'") (quoting *Wakefield*). However, "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105).

In addition to the above requirements, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 744-45; *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)). Although "[a] prisoner need not show his harm was substantial[,] such would [provide] additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citation omitted).

### 2. Discussion

Here, reading the pleadings liberally, it appears Plaintiff attempts to allege that Defendants interfered with his medical treatment—*i.e.*, receiving a bottom bunk accommodation as ordered by medical staff. In his First Amended Complaint, plaintiff alleges that he told each of the defendants about his medical Chrono. (ECF No. 20 at 3.) However, Plaintiff fails to allege whether he suffered any additional harm as a result of not having access to a lower bunk for approximately twenty-nine hours. His current conclusory allegations of Defendants exhibiting disregard for his safety are vague and do not allege specific injuries he sustained as a result of Defendants' alleged conduct. For

these reasons, the Complaint lacks sufficiently detailed facts and fails to state a claim for a deliberate indifference Eighth Amendment violation.

### a. Prong One: Serious Medical Need

Under the first (objective) prong of the deliberate indifference test, Plaintiff must properly allege "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096.

Although Plaintiff states he was in "horrific pain" and could not climb onto the top bunk, he fails to allege any damages or additional injury caused by Defendants alleged denial of a lower bunk. (ECF No. 20 at 3.) Although Plaintiff references being in pain, he fails to identify how his discomfort was related to not having a lower bunk. As pled in the FAC, the pain he references was associated with the original condition which resulted in his leg being placed into a cast. (*Id.* ("Once discharged, I returned to Building 2 with crutches and in horrific pain.").) Simply asserting Defendants disregarded Plaintiff's safety, without more, is vague and insufficient to meet the objective requirement of unnecessary and wanton infliction of pain necessary for an Eighth Amendment violation.

### b. Prong Two: Awareness of Serious Medical Need

To satisfy the second (subjective) prong, Plaintiff must properly allege that Defendants' response to his needs was deliberately indifferent. *Jett*, 439 F.3d at 1096; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012). Deliberate indifference is shown where (1) the official is aware of a serious medical need and fails to adequately respond, and (2) this failure causes additional harm. *See Jett*, 439 F.3d at 1096; *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and the official must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the Ninth Circuit, "allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield*,

7

18-CV-360-AJB(WVG)

177 F.3d at 1165. Additionally, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 744-45; *McGuckin*, 974 F.2d at 1060.

In *Akhtar v. Mesa*, the plaintiff alleged he verbally informed the defendants of his lower bunk medical Chrono and showed the Chrono to the defendants. *Akhtar*, 698 F.3d at 1206. The plaintiff's actions provided notice, making the defendants aware of the plaintiff's serious medical need. *Id*. at 1213-14. The defendants subsequently ignored the medical need they knew about, establishing the plaintiff's claim for deliberate indifference. *Id*. "Akhtar also alleged that he was harmed as a result of Appellees' failure to comply with his chrono. He alleged that he suffered a broken wrist. He also suffered humiliation and embarrassment on several occasions because he urinated in his clothes." *Id.* at 1214. These allegations of harm, although disputed by the defendants, were sufficient to defeat the motion to dismiss. By contrast, Plaintiff here has made no allegations of harm he suffered as a result of Defendants' alleged conduct.

In *Jett v. Penner*, the plaintiff injured his thumb while incarcerated and brought a claim under the Eighth Amendment alleging that prison doctors and other staff acted with deliberate indifference towards his serious medical needs. *Jett*, 439 F.3d at 1093. After repeatedly requesting medical attention through formal and informal processes (establishing that the defendants had knowledge of his serious medical need), and after receiving allegedly incompetent medical attention from prison doctors, plaintiff's injury worsened and his hand healed improperly. *See id*. at 1094-95. The court in *Jett* found that "the record [was] replete with evidence showing the delay [in medical treatment] was harmful." *Id*. at 1098.

Here, Plaintiff sufficiently alleges that each of Defendants were on notice of his Chrono outlining his medical need for a bottom bunk. He also acknowledges that after about twenty-nine hours without a bottom bunk, he was granted one. Thus, the Defendants did not ignore the instructions of Plaintiff's treating physician; rather, they delayed following the instructions. However, as outlined in the first Report and Recommendation

8

regarding the dismissal of this case and the Order adopting that Report and Recommendation, Plaintiff is required to allege that this delay lead to additional harm. (*See* ECF No. 15 at 9; ECF No. 19 at 3.) Despite specific notice of deficiencies from the Court, Plaintiff has failed to properly allege additional harm suffered as a result of Defendants delaying his medical treatment.

### 3. First Amended Complaint Should be Dismissed with Prejudice

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. *Cato*, 70 F.3d at 1106; *Noll*, 809 F.2d at 1448. "When dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the deficiencies." *Noll*, 809 F.2d at 1449.

Here, Plaintiff has been given the opportunity to amend the deficiencies in his original complaint with specific guidance from the Court. (*See* ECF No. 15 at 9.) With regards to his deliberate indifference claim, the court recommended Plaintiff allege whether each Defendant knew of his medical condition (the Chrono) and what additional harm was caused by the delay in his treatment. (*Id.*) Although Plaintiff now sufficiently alleges that each Defendant knew about his medical Chrono outlining his need for a bottom bunk, he has not alleged any further harm that resulted from the Defendants' delay in accommodating the Chrono. Plaintiff alleges Defendants forced him to sleep on the floor for one night, but without further details in the alleged facts, this does not rise to the level of inflicting "unnecessary and wanton infliction of pain," which is required for an Eighth Amendment violation. *See Jett*, 439 F.3d at 1096.

### 4. Conclusion

Plaintiff's Eighth Amendment claim alleging deliberate indifference to his medical needs fails to satisfy either prong of the two-part test. First, Plaintiff does not identify any additional harm caused by failure to meet his alleged medical need for a top bunk. Second, although Plaintiff alleges that Defendants had knowledge of his medical needs, he fails to

allege that Defendants' delayed accommodation of the medical needs lead to further harm. Based on the foregoing, the Court should find that Plaintiff has failed to state an Eighth Amendment claim based on deliberate indifference. Because the Court has previously provided Plaintiff notice of the deficiencies in the Complaint and Plaintiff failed to cure the deficiencies with amendment, it is recommended that the First Amended Complaint be dismissed with prejudice.

### B. Defendants' Entitlement to Qualified Immunity

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). First, the Court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" *Id.*; *see also Scott v. Harris*, 550 U.S. 372, 377 (2007). Second, the Court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201; *Scott*, 550 U.S. at 377.

Here, if the Court does not dismiss the FAC with prejudice and grants Plaintiff leave to amend, it would be premature at this early stage to recommend granting or denying Defendants' qualified immunity defenses on the merits. Accordingly, this Court recommends that this portion of the motion to dismiss be denied without prejudice subject to full consideration at a later date on a more developed record—at least until Plaintiff's claims are more concretely stated. *Accord Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1019 (S.D. Cal. 2018) (finding insufficient basis at pleadings stage to rule on qualified immunity claims); *Canales v. City of Calexico*, No. 17CV695-AJB(JLB), 2017 U.S. Dist. LEXIS 202644, at *7-9; 2017 WL 6270463, at *3-4 (S.D. Cal. Dec. 8, 2017) (same); *George v. Uribe*, No. 11-CV-70-JLS(RBB), 2012 U.S. Dist. LEXIS 40224, at *20-21; 2012 WL 993243, at *7 (S.D. Cal. Mar. 23, 2012) (finding the qualified immunity defense premature until, and if, the plaintiff could amend his complaint to successfully state a claim); *see also Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting

qualified immunity may be better left for summary judgment because the notice pleading standard may force courts to decide "far-reaching constitutional questions on a nonexistent factual record").

## IV. CONCLUSION

Based on the foregoing, this Court respectfully RECOMMENDS that Defendants' motion to dismiss be GRANTED and the Complaint DISMISSED with prejudice.

This Report and Recommendation is submitted to the United States District Judge assigned to this case,pursuant to the provisions of 28 U.S.C § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **December 23, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **January 15, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: November 13, 2019

Hon. William V. Gallo
United States Magistrate Judge

11
18-CV-360-AJB(WVG)