| | |
|---|---|
| KENNETH WHEELER,<br><br>          Plaintiff,<br>v.<br>K. MARENGO et al.,<br>          Defendants. | Case No.: 18-CV-360-AJB(WVG)<br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (Doc. No. 24);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 21); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. No. 28)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On April 29, 2019, Plaintiff Kenneth Wheeler ("Plaintiff"), a state prisoner proceeding pro se, filed a First Amended Complaint ("FAC") with this Court alleging prison officials violated his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. (FAC, Doc. No. 20.) Before the Court are Defendants K. Marengo, M. Dominguez, and A. Lay's ("Defendants") motion to dismiss Plaintiff's FAC. (Doc. No. 21.) Magistrate Judge William V. Gallo filed a Report and Recommendation ("R&R") recommending the Court grant Defendants' motion to dismiss, and dismiss the FAC with prejudice. (Doc. No. 24.) Plaintiff filed a motion for leave to amend. (Doc. No. 28.) For the reasons set forth below, the Court: (1) **ADOPTS** the R&R, (2) **GRANTS** Defendants' motion to dismiss, and (3)

1

**DENIES** Plaintiff's motion for leave to amend.

## I. BACKGROUND

In 2016, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. Plaintiff claims on October 24, 2016, he suffered a serious injury to his knee, was transported by ambulance to RJD's medical facilities, and his leg was placed in a cast. (FAC at 3.) While at the medical facility, Plaintiff received a Comprehensive Accommodation Chrono ("Chrono") requesting a lower-level bunk bed. (*Id.* at 9.) When he returned to his housing unit with crutches and "in horrific pain," Plaintiff alleges he informed Defendant Marengo of the Chrono. Defendant Marengo told Plaintiff a lower bunk bed would be provided, but Defendant Marengo's shift ended without Plaintiff receiving the lower bunk accommodation. (*Id.*) Additionally, Plaintiff contends Defendant Marengo failed to inform subsequent officers of the lower bunk request. (*Id.*)

Plaintiff alleges he laid back on the floor because he could not climb to the top bunk and the bottom bunk was occupied by another inmate. (*Id.*) Defendant Dominguez then began the shift following Defendant Marengo. (*Id.*) Plaintiff states when Defendant Dominguez asked why Plaintiff was lying on the floor of his cell, Plaintiff told him he could not mount the top bunk, he asked for a bottom bunk, and he informed Defendant Dominguez of his lower bunk Chrono. (*Id.*) However, Dominguez told Plaintiff nothing could be done until the next day. (*Id.*)

The next day, Defendant Lay began the shift following Defendant Dominguez's shift. (*Id.*) Plaintiff alleges he explained to Defendant Lay he had a lower bunk Chrono, which could also be found on the computer system. (*Id.*) Plaintiff alleges Defendant Lay refused to give Plaintiff a lower bunk, refused to call command staff or medical staff, and ordered Plaintiff to return to the top bunk. (*Id.*) Plaintiff contends he was without a lower bunk from 4:00 p.m. on October 24, 2016 until 9:00 p.m. on October 25, 2016—or for approximately twenty-nine hours. (*Id.*)

Based on these facts, Plaintiff alleges Defendants "disregarded [his] injury and

2

medical condition[,] forcing [him] to remain on the floor and/or expecting [him] to get on the top bunk, disregarding the risk to [his] safety." He also alleges Defendants ignored the instructions of his treating physician. Plaintiff asserts § 1983 violations of the Eighth Amendment based on Defendants' alleged deliberate indifference to his serious medical needs.

## II. PROCEDURAL HISTORY

On February 15, 2018, Plaintiff filed his first Complaint. (Doc. No. 1.) On June 22, 2018, Defendants moved to dismiss the Complaint, and the Magistrate Judge issued an R&R recommending the Court grant in part Defendants' motion to dismiss and to dismiss the Complaint with leave to amend. (Doc. Nos. 11, 15.) The Magistrate Judge concluded Plaintiff failed to allege any damages or additional injury caused by Defendants' alleged denial of a lower bunk. (Doc. No. 15 at 7–8.) The Magistrate Judge also determined Plaintiff failed to specify whether Defendants were aware of the lower bunk requirement, and if aware, how each Defendant was provided notice. (*Id.*) On March 22, 2019, the Court adopted the R&R in its entirety, and granted Plaintiff leave to amend his Complaint. (Doc. No. 19.)

On April 29, 2019, Plaintiff filed his FAC. (FAC, Doc. No. 20.) Defendants filed a motion to dismiss for failure to state a claim. (Doc. No. 21.) On November 13, 2019, the Magistrate Judge issued another R&R recommending dismissal of the action, but this time, with prejudice. (Doc. No. 24.) On December 23, 2019, Plaintiff moved for an extension of time to respond to the R&R, which was granted by the Court. (Doc. No. 25–26.) On February 12, 2020, Plaintiff filed a motion to dismiss his FAC without prejudice, and with leave to amend his FAC. (Doc. No. 28.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## IV. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend

As a preliminary matter, the Magistrate Judge's R&R recommends dismissal of this entire action *with* prejudice. (Doc. No. 24.) Instead of filing objections to the Magistrate Judge's R&R despite requesting an extension of time to do so, Plaintiff filed a motion styled as a "motion to dismiss without prejudice with leave to amend First Amended Complaint." (Doc. No. 28.) Plaintiff's motion only seeks leave to amend and does not contain objections to any other part of the R&R. Thus, liberally interpreting Plaintiff's motion, and with consideration to the pending motion to dismiss and R&R, the Court will construe Plaintiff's motion as an objection to the R&R to the extent the R&R recommends dismissal *with* prejudice. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

### B. Plaintiff's Eighth Amendment Claim

Next, the Court turns to whether Plaintiff has adequately pleaded an Eighth Amendment claim. To allege an Eighth Amendment claim that prison officials failed to attend to serious medical needs, a plaintiff must show that the lack of response exhibits "deliberate indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for "deliberate indifference" requires the plaintiff to show: (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Firstly, the Magistrate Judge correctly concluded Plaintiff failed to satisfy the first prong because "[a]lthough Plaintiff references being in pain, he fails to identify how his

4

discomfort was related to not having a lower bunk." (Doc. No. 24 at 7.) Specifically, the pain Plaintiff referenced in his FAC was associated with the original condition which resulted in his leg being placed into a cast, and *not* pain as a result of alleged unconstitutional actions taken by Defendants. (*Id.*) Plaintiff has not provided any facts showing Defendants' alleged deliberate indifference resulted in further significant injury or unnecessary and wanton infliction of pain. (*Id.* at 8.)

Secondly, the Magistrate Judge also correctly determined Plaintiff failed to satisfy the second prong. (*Id.* at 7.) Although Plaintiff alleged each of Defendants were on notice of his Chrono outlining his medical need for a bottom bunk, Plaintiff was ultimately granted a bottom bunk after twenty-nine hours. (*Id.* at 8.) Thus, Defendants did not ignore the instructions of Plaintiff's treating physician; rather, they merely slightly delayed following the instructions. (*Id.*); *see Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988), vacated on other grounds, 493 U.S. 801 (1989) (holding that mattress deprivation "for only one night [was] insufficient to state an eighth amendment violation").

Seeing no objections from Plaintiff to these determinations, the Court holds that the Magistrate Judge's conclusion is well-reasoned, thorough, and containing no clear error. Plaintiff has failed to adequately plead an Eighth Amendment violation.

### C. Leave to Amend

Lastly, the Magistrate Judge recommends dismissal of this action *with* prejudice. (Doc. No. 24 at 9.) The Magistrate Judge pointed out Plaintiff has already been afforded an opportunity to amend the deficiencies in the original Complaint with specific instructions from the Court. (*Id.*) Plaintiff, on the other hand, urges that the Court provide him with an additional opportunity to amend his Complaint. (Doc. No. 28.) Plaintiff explains he was a patient in the Enhanced Outpatient (EOP) building, and was administered medication to help treat his mental illness. (*Id.* at 2.) Plaintiff is now on a lower dosage of treatment, "mentally stabilized," and can now adequately recall events with due diligence. (*Id.*)

"A district court acts within its discretion to deny leave to amend when amendment

would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Although Plaintiff now sufficiently alleges that each Defendant knew about his medical Chrono outlining his need for a bottom bunk, he has not alleged any further harm that resulted from the Defendants' delay in accommodating the Chrono. Neither has Plaintiff adequately alleged Defendants' actions were deliberately indifferent because he was eventually provided a bottom bunk only after a slight delay. Plaintiff complains Defendants forced him to sleep on the floor for one night, but without additional injury, this does not rise to the level of inflicting "unnecessary and wanton infliction of pain" required for an Eighth Amendment violation. *See Jett*, 439 F.3d at 1096.

Furthermore, even though Plaintiff has already been provided with an opportunity to amend, Plaintiff still does not clarify how he intends to cure the deficiencies in his Complaint. He states he can better structure his arguments to avoid pleading legal conclusions, but Plaintiff does not explain what additional facts he now recalls that will save his claim. Therefore, in light of Plaintiff's failure to demonstrate significant injury from having to sleep on the floor for one night, or deliberate indifference, the Court holds that any amendment would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Accordingly, the Court **OVERRULES** Plaintiff's objection, and **DENIES** Plaintiff's motion for leave to amend his First Amended Complaint.

## V. CONCLUSION

Based on the foregoing, the Court (1) **ADOPTS** the Magistrate Judge's R&R, (2) **GRANTS** Defendants' motion to dismiss, (3) **DENIES** Plaintiff's motion for leave to amend, and (4) **DISMISSES** Plaintiff's FAC **WITHOUT LEAVE TO AMEND**. The Clerk of Court is **INSTRUCTED** to close the case.

**IT IS SO ORDERED.**

Dated: April 1, 2020

_____
Hon. Anthony J. Battaglia
United States District Judge